UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| FTF LENDING LLC, a Delaware limited liability company<br><br>Plaintiff<br><br>vs.<br><br>TNOTES INVESTMENT LLC, a Massachusetts limited liability company, *et al.*<br><br>Defendants | CASE NO.: 1:22-cv-10682-RGS<br><br>UNITED STATES DISTRICT JUDGE RICHARD G. STEARNS |

## JUDGMENT ENTRY AND DECREE OF MORTGAGE FORECLOSURE AND SALE

891 1st Street, Unit 3, Boston, Massachusetts 02127
(Parcel ID #0603737006)

The matter is before this Honorable Court upon the following:

A. the Plaintiff's Motion for Judgment by Default against Defendant Tnotes Investment LLC pursuant to Rule 55(b) of the Federal Rules of Civil Procedure (ECF Doc. 24); and

B. the Plaintiff's Motion for Judgment by Default against Defendant Thomas Noto pursuant to Rule 55(b) of the Federal Rules of Civil Procedure (ECF Doc. 25).

Having fully reviewed ECF Docs. 24 and 25, any affidavit(s) and/or declaration(s), and the docket, the Court now finds as follows:

1. The following Defendants were properly served with the Summons and Complaint in the manner set forth below:

   a. Defendant: Tnotes Investment LLC
      Date of Service: May 21, 2022
      Type of Service: Personal/Authorized Representative
      (ECF Doc. 9)

|   |                                                      |                                                                       |
|---|------------------------------------------------------|-----------------------------------------------------------------------|
| b.| Defendant:<br>Date of Service:<br>Type of Service:<br>(ECF Doc. 8) | Thomas Noto<br>May 21, 2022<br>Personal |
| c.| Defendant:<br><br>Date of Service:<br>Type of Service:<br>(ECF Doc. 7) | Collector-Treasurer, City of Boston, Commonwealth of Massachusetts<br>May 24, 2022<br>Personal/Authorized Representative |

This Court has jurisdiction over the Parties and the subject matter of this lawsuit.

2. Defendant Tnotes Investment LLC is the legal owner of the real property more commonly known as 891 1st Street, Unit 3, Boston, Massachusetts 02127 (Parcel ID #0603737006) (individually and collectively, the "Property") under that certain Quitclaim Deed recorded on March 26, 2021 in the Office of the Registry of Deeds, Suffolk County, Massachusetts as Document #32508 (Official Records Book 65079 at Page 54). (ECF Doc. 24-1 at 3, ¶ 17.) The legal description of the Property is as follows:

> Condominium Unit No. 3 (the "Unit") in the Condominium known as the 891 First Street Condominium (the "Condominium") located at 891 First Street, Unit 3, Suffolk County, Massachusetts, a condominium established pursuant to Massachusetts General Laws, Chapter 183A, by Master Deed dated February 26, 2018 and recorded with the Suffolk County Registry of Deeds in Book 59371, Page 042 (the "Master Deed"), as amended of record, together with the benefit of any exclusive and non-exclusive rights and easements appurtenant to the subject Unit as may be set forth in any document governing the operation of the Condominium, including: (i) an easement for the exclusive use garage Parking Space 1, as indicated on the Master Plans; and storage space(s) located within the common areas and facilities of the Condominium and appurtenant to the Unit or used in connection therewith as set forth in said Master Deed.
>
> The Unit is more particularly described (1) in the Master Deed, (2) such site and floor plans as have been recorded therewith, (3) in the first Unit Deed thereof and on copies of such site and floor plans filed therewith. The Unit is conveyed together with an 16.48% undivided interest in the common areas and facilities of the Condominium as stated in the Master Deed and any recorded amendments thereto, and the same percentage interest in the Organization of Unit Owners created by the 891 East First Street

      Condominium Trust (the Unit Owners Organization) created by instrument recorded simultaneously with said Master Deed. The Unit and said undivided interests are together hereinafter referred to as the Mortgaged Premises.

      For Grantor's title, see Deed recorded in Book 59490, Page 57.

      Address: <u>891 East First Street, Unit 3, Boston, Massachusetts 02127</u>
      Parcel ID: <u>0603737006</u>

3. Defendant Tnotes Investment LLC executed a certain promissory note (the "<u>Note</u>") dated March 24, 2021 in favor of the Plaintiff FTF Lending in the original principal amount of $585,000.00, plus interest on the unpaid principal balance. (ECF Doc. 24-1 at 2, ¶ 11.)

4. To secure repayment of the Note, Defendant Thomas Noto executed a certain commercial guaranty (the "<u>Guaranty</u>") dated March 24, 2021 in favor of the Plaintiff FTF Lending. (ECF Doc. 24-1 at 2, ¶ 12.)

5. To further secure repayment of the Note, Defendant Tnotes Investment LLC executed a certain mortgage, assignment of leases and rents, fixture filing, and security agreement (the "<u>Mortgage</u>") dated March 24, 2021 in favor of the Plaintiff FTF Lending. The Plaintiff perfected the Mortgage by recording the Mortgage on March 26, 2021 in the Office of the Registry of Deeds, Suffolk County, Massachusetts as Document #32509 (Official Records Book 65079 at Page 59). (<i>Id.</i>) The Plaintiff further perfected the Mortgage by recording a certain UCC Financing Statement Fixture Filing on March 26, 2021 in the Office of the Registry of Deeds, Suffolk County, Massachusetts as Document #32754 (Official Records Book 65084 at Page 80). (ECF Doc. 24-1 at 2-3, ¶¶ 13, 14, 15, and 16.)

6. In the Mortgage, Defendant Tnotes Investment LLC granted, mortgaged, and conveyed to the Plaintiff FTF Lending and the Plaintiff's successors and assigns, with mortgage covenants, all of said Defendant's right, title and interest in and to the Property.

7. The Plaintiff FTF Lending has performed all conditions precedent under the Note, the Guaranty, and the Mortgage since March 24, 2021. (ECF Doc. 24-1 at 3, ¶ 18.)

8. The Plaintiff FTF Lending LLC is the current holder of the Note, the current holder of the Guaranty, the current holder of the Mortgage, and the real party in interest entitled to enforce the rights and remedies under the Note, the Guaranty, and the Mortgage. (ECF Doc. 24-1 at 3, ¶ 19.)

9. Under the terms of the Note, the Guaranty, and the Mortgage, Defendants Tnotes Investment LLC and Thomas Noto failed to make certain payments to the Plaintiff FTF Lending LLC under the Note within 10 days after the due date for such payment. On November 4, 2021, the Plaintiff mailed a written notice of default (the "Notice of Default") to Defendants. The Notice of Default notified Defendants of the default under the Note and provided Defendants with a cure period. Defendants failed to cure the default under the Note within the cure period set forth under the Notice of Default, and the default under the Note remains ongoing. (ECF Doc. 24-1 at 3-4, ¶¶ 22, 23, 24, and 25.)

10. Defendants Tnotes Investment LLC and Thomas Noto have each failed to move, plead, or otherwise respond to the Complaint.

11. Defendants Tnotes Investment LLC and Thomas Noto, jointly and severally, owe the Plaintiff FTF Lending LLC, the total amount of $683,785.20, plus per diem interest of $325.00 from July 1, 2022 and thereafter, plus Plaintiff's reasonable attorney's fees in the amount of $2,293.00, plus Plaintiff's reasonable costs and expenses in the amount of $507.65, and all other amounts recoverable under the Note and the Guaranty. (ECF Doc. 24-1 at 5, ¶ 31.)

12. This Court reserves the right to review and to determine the reasonableness of the Plaintiff's additional attorney's fees, costs, and expenses in the event of redemption under the Mortgage or for purposes of ascertaining a deficiency amount following the judicial foreclosure sale of the Property.

IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED:

A. Upon Count I of the Complaint, Judgment shall be entered in favor of the Plaintiff FTF Lending LLC and against Defendant Tnotes Investment LLC in the total sum of $683,785.20, plus per diem interest of $325.00 from July 1, 2022 and thereafter, plus Plaintiff's reasonable attorney's fees in the amount of $2,293.00, plus Plaintiff's reasonable costs and expenses in the amount of $507.65.

B. Upon Count II of the Complaint, Judgment shall be entered in favor of the Plaintiff FTF Lending LLC and against Defendant Thomas Noto in the total sum of $683,785.20, plus per diem interest of $325.00 from July 1, 2022 and thereafter, plus Plaintiff's reasonable attorney's fees in the amount of $2,293.00, plus Plaintiff's reasonable costs and expenses in the amount of $507.65.

C. Upon Count III of the Complaint, Judgment in mortgage foreclosure shall be entered in favor of the Plaintiff FTF Lending LLC and against Defendants Tnotes Investment LLC and Thomas Noto. Accordingly, the Mortgage shall be foreclosed and the Property sold at foreclosure sale pursuant to 28 U.S.C. § 2001, *et seq.*, Massachusetts law, and Order(s) of this Court.

D. The amount due under the Mortgage shall be fixed at $683,785.20, plus per diem interest of $325.00 from July 1, 2022 and thereafter, plus Plaintiff's reasonable attorney's fees in the amount of $2,293.00, plus Plaintiff's reasonable costs and expenses in the amount of $507.65.

E. The Plaintiff FTF Lending LLC may submit requests for additional fees and costs associated with the foreclosure sale of the Property at a subsequent time for this Honorable Court's review and consideration.

F. The Property shall be sold according to the following procedures:

1. A(n) licensed auctioneer or officer designated by this Court (the "Sales Officer") shall sell the Property for cash to the highest bidder at a public, judicial sale pursuant to 28 U.S.C. § 2001, *et seq.*, Massachusetts law, and Order(s) of this Court.

2. The Sales Officer shall publish notice of sale pursuant to 28 U.S.C. § 2002 and Massachusetts law once a week for 3 consecutive weeks prior to the sale in a newspaper regularly issued and of general circulation in the county and Judicial District where the Property is situated. To reduce the costs and expenses of the sale, the Plaintiff FTF Lending LLC may advertise a short description of the Property rather than a complete legal description. The notice of public sale shall include all information required pursuant to Massachusetts law but an immaterial error in the information shall not invalidate the legal effect of the notice.

3. Counsel for the Plaintiff FTF Lending LLC shall also give notice of sale to all Parties appearing in this action and not heretofore being found in default. Such notice shall be given in the manner prescribed under the Federal Rules of Civil Procedure, Local Rules and/or Massachusetts law. After the Plaintiff's counsel gives notice of sale, the Plaintiff's counsel shall file the notice with the Clerk of Court together with a certificate of counsel or other proof that notice has been served.

4. The Plaintiff FTF Lending LLC or the Plaintiff's nominee, designee, or authorized agent shall be granted a right of entry to the Property at reasonable times for purposes of pre-sale inspection with the right to inspect the Property, books, records and accounts, and all other items, things and information necessary for the inspection, advertisement and sale of the Property.

5. Bidding at public sale shall be made without conditions and contingencies of any kind. The Property shall be sold "as is" and "where is", with all faults and with no representations or warranties of any kind.

6. The terms of sale shall be set forth in the notice of sale and/or announced at

sale. All payments tendered shall be by wire transfer, certified check, or by bank cashier's check.

7. The Plaintiff FTF Lending LLC may bid at public sale. If the Plaintiff is the highest bidder, then the amounts due to the Plaintiff, plus all costs, advances and fees, together with interest incurred between the entry of this Judgment and confirmation of sale, shall be credited against the Plaintiff's bid.

8. If the Plaintiff FTF Lending LLC is not the successful bidder at public sale of the Property, then then Plaintiff shall automatically be registered as the second highest bidder at the Judgment amount and may proceed to make settlement with the Sales Officer in the event of default by the highest bidder.

9. The successful bidder shall take the Property subject to and pay all taxes, water rents or charges, sewer rents or charges, municipal claims, and any other claims, charges, and liens against the Property which are not divested by the sale. The successful bidder also shall pay all Federal, State, and local transfer taxes and stamps.

10. In the event the successful bidder fails to comply with the terms of public sale as required, then upon demand by the Plaintiff FTF Lending LLC in a notice served upon the Sales Officer and successful bidder, the funds submitted by the successful bidder to the Sales Officer shall be forfeited to the Plaintiff, or, in the alternative, the Plaintiff may have the Property sold to the next highest bidder. In the event there is a third-party bidder other than the Plaintiff, the Sales Officer shall obtain the name, address and telephone number of that bidder. Notice by United States regular mail to the address given by the successful bidder and to the Sales Officer conducting the public sale shall be deemed to be sufficient notice by the Plaintiff to exercise its option to forfeit the funds.

11. If there are funds remaining after payment of all disbursements required by the final judgment or foreclosure and shown on the report of disbursements, the surplus shall be distributed as provided by further Order(s) of this Court.

12. The amount of the bid for the Property at the sale shall be conclusively presumed to be sufficient consideration for the sale. Any party may serve an objection to the amount of the bid within 10 days after the Sales Officer files the report of sale. If timely objections to the bid are served, the objections shall be heard by this Court. Service of objections to the amount of the bid does not affect or cloud the title of the purchaser in any manner. If the case is one in which a deficiency judgment may be sought and application is made for a deficiency, the amount bid at the sale may be considered by this Court as one of the factors in determining a deficiency

under the usual equitable principles.

13. The Plaintiff FTF Lending LLC shall file a motion for confirmation of sale within 30 days after the date of sale. An order of confirmation of sale, in part, shall direct the following lien(s) be released and satisfied as to the Property such that the Property is sold free and clear of all claims, interests, and/or liens.

G. On August 10, 2022, Defendant Collector-Treasurer, City of Boston, Commonwealth of Massachusetts, was voluntarily dismissed, without prejudice, pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. (ECF Doc. 22.)

H. On September 13, 2022, Defendant John Does No. 1-10, said names being unknown and fictitious, as unknown occupant(s) or tenant(s) in possession of 891 1st Street, Unit 3, Boston, Massachusetts 02127, was voluntarily dismissed, without prejudice, pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. (ECF Doc. 31.)

I. On September 13, 2022, Defendant 891 East First LLC, a Massachusetts limited liability company, in its capacity as Trustee of the 891 East First Street Condominium Trust under Declaration of Trust dated February 26, 2018 was voluntarily dismissed, without prejudice, pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. (ECF Doc. 32.)

J. [_____ AND] shall deliver a true and accurate copy of this Judgment Entry and Decree of Mortgage Foreclosure and Sale to the Sales Officer.

K. Counsel for the Plaintiff FTF Lending LLC shall serve a true and accurate copy of this Judgment Entry and Decree of Mortgage Foreclosure and Sale upon Defendants (1) Tnotes Investment LLC and (2) Thomas Noto, all by UPS next day delivery, United States certified mail, return receipt requested, United States regular mail, postage prepaid, and/or by email.

L. This Court shall retain jurisdiction over this case for the granting of such further Order(s), decrees, and relief as circumstances may require or deemed appropriate and proper.

M. This Judgment Entry is certified and entered by the Court, and there is no just reason for delay pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

7

IT IS SO ORDERED.

/s/ Richard G. Stearns
_____
RICHARD G. STEARNS
UNITED STATES DISTRICT JUDGE

cc:   Counsel of Record
      Tnotes Investment LLC
      Thomas Noto